Pearson, C. J.
 

 The report of the master, and the exception filed by the counsel of the defendant, are too general to be of any assistance to the Court.
 

 It appears by the pleadings, that the alleged defect in the
 
 *314
 
 title arises from the want of words of limitation, necessary to pass a fee (the word “ heirs” being omitted) in the deed, executed by Montgomery to Brown and others, dated the 13th of December, 1779.
 

 It is conceded that this deed does not, of itself, pass an estate in fee to the
 
 cetuis qua trust,
 
 “ Rachael and Rebecca,” because, however clear the intention may be, the law requires the word “ heirs” to be used, in order to create a fee simple estate
 
 by a deed.
 

 The law is otherwise in respect to a devise, for although, both in a deed and a devise an indefinite, limitation of land passes only a life-estate, in the latter, the technical word is not required, and a fee simple estate may bo created without it, provided the intention is shown by the terms used and the dispositions made in the instrument.
 

 ¥e assume that the declaration of the trust, in the deed under consideration, would, if in a devise, give to “ Rachel and Rebecca” a fee simple. This position is taken without reference to our act of 1784, which has no application, for Montgomery died in 1780, and is fully sustained by the cases referred to by Mr. Jarman, in his edition of “Powell on Devises,” vol. 2, part 2, ch. 19, “ Estates enlarged to a fee by implication” (22 Law Lib. 202). The learned writer has collated the cases with so much ability, and deduced the principles so clearly as to make it unnecessary, for our purpose, to do more than set out a few passages. He states it as settled, “ that a devise of land without words of limitation, confers on the devisee an estate for life only but adds, “ the rule has always been received with disfavor, as subversive of the intention of testators, who generally suppose that a devise in indefinite terms, includes all their interest in the property, as in case of personalty ; hence, courts of law have evinced an anxiety to fasten upon any circumstances furnishing á .ground for taking cases out of its operation, and hence, has arisen the several classes of cases, in which such devises have been enlarged to a fee by implication :
 
 First,
 
 “ a condition or direction imposed on a devisee to pay a sum of mo
 
 *315
 
 ney, enlarges a devise without words of limitation, to an estate in fee simple.”
 
 Second.
 
 “ Devises without words of limitation are enlarged to a fee by implication, where lands are devised to a person,
 
 with a limitation over in case he die under twenty-one j
 
 or it seems, under any
 
 other cuje.
 
 In these cases, the first devisee takes a fee, on the presumption that, as the property is limited over, in the event of his dying under the prescribed age, it must be intended that the inheritance shall belong absolutely to him in the alternate event. The contrary supposition would impute to the' testator a very extraordinary intention.” “The rule is not confined to cases in which the limitation over is to the devisor’s heirs; nor.it is to be observed, to those in which it confers afee.” “In the preceding cases, the event on which the devise over was limited to arise, was the death of the first devisee under
 
 twenty-one,
 
 the age at which he, if living, would be competent to dispose of the land ; and this circumstance has been more or less relied on in favor of the construction adopted in most of the cases. But, it seems that the rule extends to cases to which this argument does not apply, the event being death, under
 
 another
 
 ago. Thus in
 
 Elsmere
 
 v.
 
 Coleman,
 
 6 Price, 179, the devise was to II. II. and her assigns for life, and after her decease, to such child or children, as should be born of the body of the said II. II., as should be living at her decease, and in case she should happen to have no child or children, who should bo living at her decease, or such child or children should happen to die before he, she or they should attain the age of eighteen years, or be married, then over to
 
 W.
 
 in fee, it was held that a daughter took a fee on her marriage, by the effect of the devise over.”
 

 In our case, all the strongest points are presented. The limitation over is in the event, that the taker of the first estate should die before arriving at the ago of
 
 twenty-one,
 
 or marriage ; the estate limited over is a fee, and one of the persons to whom it is limited, is
 
 the heir of the devisor
 
 / so, there can be no doubt that the principle would apply, if the declarations of trust had been in a devise instead of a deed, and it rests
 
 *316
 
 on a clear manifestation-of an intention to give the daughters a fee, provided they married, or lived to- the age of twenty-one.
 

 Three days after the execution of the deed, i. e., on the 16th of December, 1770, Montgomery executed his will; and we think it follows from the position assumed above, that the will had the effect to pass the reversion which was left in the hands of Montgomery, for the want of proper words in
 
 the
 
 deed
 
 to'
 
 carry his intention into effect, so as to enlarge the estate of Rachel and Rebecca,.and give them a fee by the combined effect of the two instruments. The reference to the deed which is made in the will, was for the purpose of ratifying and making good the trusts which the devisor intended to make in the deed, and in order to effect this purpose, the declaration of trust must be considered as reiterated in the will. This is clear, from the words,.
 
 “ I
 
 do hereby
 
 fully
 
 and absolutely ratify and confirm the two deeds of gift, and all and singular, the premises thereby given.” “I do expressly charge my executors to pay the utmost respect and attention to the two deeds and all and singular the provisions therein contained, and not to consider a
 
 singular tittle of the premises thereby giren^
 
 as
 
 any part or parcel of my
 
 estate,
 
 real or
 
 personal,
 
 dec.”
 
 The words are confused and inartificial, but the substance is: “I now intend to give effect to the estates which I intended to create by the deed,” consequently, it is only necessary to determine that he intended to give Raehel and Rebecca estates in fee if they arrived at the age of twenty-one or married, which,, with the assistance of Mr. Jarman, and the cases cited by him has been done.
 

 It is unnecessary to incumber the case by a reference to the “ term of five hundred years,” further than to say, it merged after the assignment to Mrs. Stokes and Wellborn, as they acquired the legal estate in fee simple, by the conveyance of the assignee of the surviving trustee.
 

 The exception is sustained; and it will
 
 he
 
 declared that the defendant can make a good title in fee simple to the land-mentioned in the pleadings.
 

 Per Curiam, Decree accordingly.